# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| SHARON HAMNER, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 7:18-cv-01838-LSC |
| ) | |
| TUSCALOOSA COUNTY ) | |
| SCHOOL SYSTEM, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OF OPINION

Plaintiff Sharon Hamner ("Hamner" or "Plaintiff") brings this action against her former employer, Defendant Tuscaloosa County School System ("TCSS"), and three of TCSS's employees, Defendants Walter Davie ("Davie"), Allison Mays ("Mays"), and Clifton Henson ("Henson") (collectively, the "Individual Defendants"). Hamner asserts claims against TCSS and the Individual Defendants (collectively, the "Defendants") for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); 42 U.S.C. § 1981; and 42 U.S.C. § 1983. Hamner also asserts a state law battery claim against TCSS and Henson. Before the Court are Defendants' motions to dismiss Plaintiff's Second Amended Complaint. (Docs. 51, 54.) The motions are

fully briefed and ripe for review. For the reasons stated below, the motions are due to be granted in part and denied in part.

I.   **BACKGROUND**[1]

Hamner, a Caucasian female, had been employed by TCSS for over twenty years. She worked as a school counselor at Hillcrest Middle School ("HMS") and later at Collins-Riverside Middle School ("CRMS"), both operated by TCSS. While at HMS, Hamner alleges she was subjected to what she calls "sexual harassment that was race-based and racially discriminatory" by an African American male identified as "Pruitt." (*See* doc. 45 ¶¶ 17, 31.) Hamner spoke with a human resources director about incidents of discrimination and filed an Equal Employment Opportunity Commission ("EEOC") charge. Hamner proceeded to file a complaint ("*Hamner I*") alleging claims under Title VII and 42 U.S.C. § 1981. *See generally* Complaint, *Hamner v. Pruitt*, No. 7:15-cv-00925-LSC (N.D. Ala. June 2, 2015). *Hamner I* was settled in 2016.

During the settlement of *Hamner I*, Davie, TCSS's superintendent, insisted that Hamner transfer from HMS to CRMS. Hamner alleges that Davie set a

---

[1] In evaluating a motion to dismiss, this Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012) (quoting *Ironworkers Loc. Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011)). The following facts are, therefore, taken from the allegations contained in Plaintiff's Second Amended Complaint, and the Court makes no ruling on their veracity.

"retaliatory trap" by failing to include her transfer as part of her settlement agreement, and by telling Hamner that when she transferred, "her job at CRMS would 'be safe' until [she] retired." (Doc. 45 ¶ 46.) Hamner states that she was transferred by Davie in a manner that conflicted with TCSS's policies and procedures. She believes Davie intended to create a situation in which TCSS would be able to easily terminate her employment, contrary to his assurances that her job would be safe after her transfer.

In addition to her allegations against Davie, Hamner alleges that Mays, the senior human resources director at TCSS, and Henson, the principal at CRMS, took retaliatory actions against her. Hamner states that Henson prevented her from performing aspects of her job, including responsibilities as a "building test coordinator." (Doc. 45 ¶ 57.) She also alleges that Davie, Mays, and Henson singled her out for an investigation into the "504 plans," which she oversaw as part of her job responsibilities at HMS and CRMS. Hamner asserts that she was the only individual who was subjected to an investigation, and she believes that but for *Hamner I*, she would not have been targeted in this manner.

Furthermore, Hamner alleges that while she was at CRMS, Henson engaged in sexually inappropriate behavior, including following Hamner on and off school property, and placing "his hand on her without her consent and with a suggestive

look on his face." (Doc. 45 ¶ 86(f).) Hamner reported Henson's conduct to Mays, who did not investigate her claims.

Hamner insists that collectively, the Individual Defendants' actions led TCSS to place her on administrative leave and terminate her employment. Hamner also alleges that the Individual Defendants continued to retaliate against her after her termination by seeking the revocation of her counseling license with the Alabama Board of Education.

After Hamner was discharged, she filed a timely charge with the EEOC alleging sex discrimination and retaliation concerning the incidents at CRMS, and retaliation stemming from *Hamner I*. After receiving her right to sue letter from the EEOC, Hamner filed this complaint in November 2018.

This case was previously before Judge Abdul Kallon. On July 10, 2019, Judge Kallon entered a Memorandum Opinion and Order granting in part and denying in part Defendants' motions to dismiss Plaintiff's original Complaint. (*See* doc. 22.) Judge Kallon dismissed without prejudice the Title VII and § 1981 claims against the Individual Defendants, the battery claim against TCSS, and allowed Hamner leave to amend her complaint to replead her § 1981 retaliation claim against TCSS pursuant to § 1983. This case was then reassigned to the undersigned in July 2019.

Hamner then filed an Amended Complaint, repleading only the § 1981 claim against TCSS pursuant to § 1983 and omitting all other claims from her original Complaint. (*See* doc. 28.) More than eight months after Hamner filed her Amended Complaint, the Individual Defendants filed a Motion for Judgment on the Pleadings as the Amended Complaint contained no allegations against them. (*See* doc. 32.) Hamner responded to the motion, stating that she intended for her Amended Complaint to be an "amendment" to her original Complaint, and did not intend to abandon all claims against the Individual Defendants. (*See* doc. 36.) Then, Hamner filed a Second Amended Complaint, again stating that her Amended Complaint was intended to supplement her original complaint, not supersede it. (*See* doc. 45.) This Court construed Hamner's Second Amended Complaint as an implied motion for leave to amend, which was granted. (*See* doc. 48.) This Court thereafter denied the Individual Defendants' Motion for Judgment on the Pleadings. (*See id.*)

Hamner's Second Amended Complaint includes claims previously dismissed by Judge Kallon. (*See generally* doc. 45.) Defendants now seek to dismiss all claims in Hamner's Second Amended Complaint. (Docs. 51, 54.) This Court denied in part TCSS's Motion to Dismiss Plaintiff's Second Amended Complaint. (*See* doc. 53.) The remaining arguments presented by Defendants will be addressed below.

## II. STANDARD OF REVIEW

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, in order to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1296 (11th Cir. 2010) (quoting *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (internal quotation marks omitted). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the

assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* If the pleading "contain[s] enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory,'" it satisfies the notice pleading standard. *Am. Fed'n of Lab. & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

"In general, if it considers materials outside of the complaint, a district court must convert the motion to dismiss into a summary judgment motion." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). However, a "district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *See id.* (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)). In her Second Amended Complaint, Hamner included her EEOC charge and notice of right to sue letter. The EEOC charge is also referred to in Defendants' motions to dismiss. As the Court finds the EEOC charge central to Hamner's claims and its authenticity is not in dispute, the Court will take it into consideration in this Opinion.

### III.  DISCUSSION

TCSS and the Individual Defendants seek to dismiss Counts I through VII of Hamner's Second Amended Complaint. TCSS argues that (1) claims of retaliation in violation of § 1981 and the state law claim for battery were properly dismissed by Judge Kallon; and (2) Hamner failed to exhaust administrative remedies for her race-based retaliation claims.[2] The Individual Defendants argue that (1) claims against them in their individual capacities of retaliation in violation of § 1981 and all claims against them under Title VII were properly dismissed by Judge Kallon; (2) Plaintiff did not show good cause to add new claims, and to allow these claims to move forward would be prejudicial to the Individual Defendants;[3] and (3) Hamner cannot state a claim under 42 U.S.C. § 1983.

#### A. 42 U.S.C. §§ 1981, 1983

Under 42 U.S.C. § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State . . . to make and enforce contracts, to

---

[2] This Court already addressed TCSS's third argument for dismissal, that Hamner abandoned all original claims when she filed her Amended Complaint, and that repleading claims from her original Complaint was untimely, prejudicial, and thus barred. This Court disagreed, finding that "'justice . . . requires' the allowance of the Second Amended Complaint [and that] Plaintiff has demonstrated good cause to amend the Scheduling Order and allow the Amendment." (Doc. 53 at 2–3.)

[3] This Court already addressed this argument when denying in part TCSS's Motion to Dismiss Plaintiff's Second Amended Complaint. (*See* doc. 53.) For the same reasons previously stated, the Court finds this argument to be without merit.

sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981. Section 1981 "encompasses claims of retaliation." *Bryant v. Jones*, 575 F.3d 1281, 1301 (11th Cir. 2009) (quoting *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 457 (2008)). To establish a claim for race-based retaliation under § 1981, a plaintiff must show that (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *See id.* at 1307–08. Unlike Title VII claims, a plaintiff does not need to exhaust administrative remedies prior to filing a claim under § 1981. *See Caldwell v. Nat'l Brewing Co.*, 443 F.2d 1044, 1046 (5th Cir. 1971).[4]

Although a plaintiff may bring an action for race-based retaliation, "§ 1981 does not provide an implicit cause of action against state actors; therefore § 1983 constitutes the exclusive federal remedy for violation[s] by state actors of the rights guaranteed under § 1981." *Bryant*, 575 F.3d at 1288 n.1 (citing *Butts v. County of Volusia*, 222 F.3d 891, 894–95 (11th Cir. 2000)).

---

[4] The Eleventh Circuit has adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

When a plaintiff brings an action against a state actor in his official capacity, this represents "another way of pleading an action against an entity of which [the official] is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Official capacity suits are the "functional equivalent" of claims against the entity that employs the official, and therefore are no longer necessary because the entity can be sued directly. *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).

### 1. § 1981—Count II

Hamner cannot state a claim of retaliation against TCSS under § 1981. "County boards of education are . . . local agencies of the state." *Ex parte Hale Cnty. Bd. of Educ.*, 14 So. 3d 844, 848 (Ala. 2009) (quoting *Bd. of Sch. Comm'rs of Mobile Cnty. v. Architects Grp.*, 752 So. 2d 489, 491 (Ala. 1999)). TCSS is a local agency of the state and therefore is a "state actor." Hamner must pursue her claim of retaliation against TCSS under § 1983. Hamner attempts to avoid this result by arguing that TCSS is an entity that has a "right to sue," thus it should have an implied "right to be sued" under § 1981. The Eleventh Circuit's precedent set forth above is clear on this matter; therefore, Hamner's argument fails. Accordingly, Hamner's § 1981 claim of retaliation against TCSS is due to be dismissed.

Hamner also cannot state a claim of retaliation under § 1981 against the Individual Defendants in their individual capacities. Hamner must enforce her § 1981 claim against the Individual Defendants pursuant to § 1983. *See Bryant*, 575 F.3d at 1288 n.1; *Ebrahimi v. City of Huntsville Bd. of Educ.*, 905 F. Supp. 993, 995–96 (N.D. Ala. 1995) (determining that § 1981 claims against school officials in their individual capacities "must be redressed pursuant to the explicit remedial provisions of § 1983"). Accordingly, Hamner's § 1981 claim of retaliation against the Individual Defendants is due to be dismissed.

### 2. § 1983—Count I

In Count I, Hamner asserts claims for retaliation pursuant to § 1983 against TCSS and the Individual Defendants in their official and individual capacities. TCSS does not challenge this claim other than to state generally in its Motion to Dismiss Plaintiff's Second Amended Complaint that "each count is due to be dismissed." (Doc. 52 at 1.) The only argument TCSS provides as justification for dismissing Hamner's race-based retaliation claims is that she failed to exhaust administrative remedies. That requirement is inapplicable to § 1981 retaliation claims brought pursuant to § 1983. *See Patsy v. Bd. of Regents*, 457 U.S. 496, 501 (1982). Accordingly, TCSS's Motion to Dismiss Count I is due to be denied.

The Court notes that the Individual Defendants did not challenge the sufficiency of Hamner's § 1983 claim in their Motion to Dismiss Plaintiff's Second Amended Complaint. They only raised a ground for dismissal of Count I in their Reply to Plaintiff's Response to the Individual Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. (*See* doc. 72.) The Individual Defendants argue in their Reply that because they lacked the authority to suspend and terminate, Hamner cannot demonstrate she suffered a materially adverse employment outcome because of the Individual Defendants' actions.[5]

Not only did the Individual Defendants improperly raise this defense by failing to include it in their Motion to Dismiss, they apply an incorrect standard for the adverse employment action element. An adverse employment action need not be as serious as outright termination, but it may include "adverse actions which fall short of ultimate employment decisions," such as written reprimands. *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1456 (11th Cir. 1998). Generally, "[a]n action is materially adverse if it might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d

---

[5] Under Alabama law, the County Board of Education has the power to "suspend or dismiss . . . superintendents, principals, teachers or any other employees." ALA. CODE. § 16-8-23.

1249, 1259 (11th Cir. 2012) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)) (internal quotation marks omitted).

In Count I, Hamner alleges that in addition to her suspension and termination, she was subjected to a retaliatory investigation regarding her "504 plans." Hamner claims that she was the only individual who was investigated, and that the Individual Defendants pursued this investigation because of her participation in *Hamner I*. At this stage, this allegation is sufficient to support an adverse employment action, thus Hamner states a claim of retaliation against the Individual Defendants in their individual capacities under § 1983. Accordingly, the Individual Defendants' Motion to Dismiss Count I in their individual capacities is due to be denied.[6]

### B. Title VII—Counts III, IV, V, VI

Title VII prohibits employment discrimination based on race and sex. 42 U.S.C. § 2000e-2. "[A] Title VII claim may be brought against only the *employer* and not against an individual employee." *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006); *see also Busby*, 931 F.2d at 772.

---

[6] The Individual Defendants do not address the allegations in Count I against them in their official capacities. Regardless, the Court notes that as a matter of law, this claim cannot move forward. *See Busby*, 931 F.2d at 776 (stating that official capacity suits are the "functional equivalent" of claims against the entity therefore the entity is the proper party to sue). As such, only the § 1983 claims against the Individual Defendants in their individual capacities can proceed at this time.

In addition, a plaintiff may bring a Title VII action in district court against an employer that discriminates against her based on race and sex but only after exhausting administrative remedies. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). Typically, exhaustion requires a plaintiff to file a charge with the EEOC. *See id.* The EEOC charge limits the scope of the plaintiff's allegations. *See Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004). However, "the scope of an EEOC complaint should not be strictly interpreted." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970).[7] Rather, a plaintiff's district court complaint "is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory*, 355 F.3d at 1280 (quoting *Sanchez*, 431 F.2d at 465). Thus, claims that "amplify, clarify, or more clearly focus" the allegations in the EEOC charge are permissible, but those that make allegations of new acts of discrimination are disallowed. *See id.* at 1279 (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)).

### 1. Retaliation—Counts III, VI

TCSS does not argue that Hamner failed to comply with the exhaustion requirements for her claims of retaliation in Count VI but insists that Hamner failed to exhaust administrative remedies relative to Count III: Title VII retaliation for

---

[7] *See* n.4.

"race based racially discriminatory sexual harassment." (Doc. 45 ¶ 98.) TCSS interprets Hamner's EEOC charge too narrowly. TCSS argues that nothing in the EEOC charge refers to *Hamner I*, race or race-based retaliation. However, in Hamner's narrative in her EEOC charge, she states that the "most recent retaliation . . . is the latest and the culmination of a long line of retaliation . . . after I previously complained about sexual harassment and retaliation, filed an EEOC charge and lawsuit under Title VII against TCSS." (Doc. 45–1.) Hamner appears to be referring to her previous lawsuit, *Hamner I*, which she describes in her Second Amended Complaint as a lawsuit based upon "race based racially discriminatory sexual harassment." (Doc. 45 ¶ 98.)

Hamner's failure to expressly state in her EEOC charge that *Hamner I* included a race-based as well as a gender-based claim is not fatal to her retaliation claim. She incorporated these claims by reference, and the EEOC had access to her prior charge from *Hamner I*.[8]

Concerning Count VI, Title VII retaliation for opposing sexual harassment and a sexually hostile work environment, the only grounds for dismissal raised by

---

[8] In Hamner's first EEOC charge in *Hamner I*, she selected race, sex, and retaliation as the grounds for her complaint of discrimination. *See* Plaintiff's Motion to Amend Complaint at 2–2, *Hamner v. Pruitt*, No. 7:15-cv-00925-LSC (N.D. Ala. Mar. 2, 2016).

TCSS are procedural, which the Court previously denied for reasons there stated (*see* doc. 53); thus, TCSS's Motion to Dismiss Counts III and VI is due to be denied.

Hamner's claims against the Individual Defendants in their official capacities in Counts III and VI are due to be dismissed because Title VII allows for recovery against the employer, not against individual employees.[9] Accordingly, Hamner's Title VII retaliation claims against the Individual Defendants are due to be dismissed.

### 2. Gender Discrimination and Hostile Work Environment—Counts IV, V

The only grounds for dismissal raised by TCSS are procedural, which this Court previously denied (*see* doc. 53), therefore TCSS's Motion to Dismiss Counts IV and V is due to be denied. Because a Title VII claim must be brought against the employer and not the employee, Hamner's Title VII claims for gender discrimination and hostile work environment against the Individual Defendants are due to be dismissed.

### C. Battery—Count VII

Under Alabama law, "the State of Alabama shall never be made a defendant in any court of law or equity." ALA. CONST. of 1901, art. 1, § 14. "This absolute

---

[9] Plaintiff references several cases for the proposition that both the employer and individual employees may be sued under Title VII, but she misinterprets Eleventh Circuit precedent.

immunity extends to arms or agencies of the state." *Ex parte Montgomery Cnty. Bd. of Educ.*, 270 So. 3d 1171, 1173 (Ala. 2018) (quoting *Ex parte Hale Cnty. Bd. of Educ.*, 14 So. 3d at 848). As agencies of the state, boards of education are "immune from tort actions." *Id.* (quoting *Ex parte Hale Cnty. Bd. of Educ.*, 14 So. 3d at 848). As an agency of the state, TCSS is immune from tort actions under the Alabama Constitution. Accordingly, Hamner's claim of battery against TCSS is due to be dismissed. The only argument raised by the Individual Defendants against this claim is procedural, which the Court finds to be without merit for reasons previously stated in this Opinion. Accordingly, the Individual Defendants' Motion to Dismiss Count VII against Henson is due to be denied. [10]

## IV. CONCLUSION

For the reasons stated above, Defendants' motions to dismiss (docs. 51 & 54) are due to be granted in part and denied in part. Plaintiff's § 1981 claims of retaliation are due to be dismissed against Defendants. All Title VII claims are due to be dismissed against the Individual Defendants. Plaintiff's § 1983 claim against the Individual Defendants in their official capacities is due to be dismissed. Plaintiff's state law battery claim is due to be dismissed against TCSS. All other claims remain

---

[10] Although the Individual Defendants raised this argument, the claim was brought solely against Defendant Henson.

pending. An order consistent with this opinion will be entered contemporaneously herewith.

    **DONE** and **ORDERED** on September 11, 2020.

L. Scott Coogler<br>
United States District Judge<br>
<span style="font-size:small">202892</span>