

FILED
2020 Nov-13 PM 05:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| SHANNON HAMNER, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO: 7:18-cv-01838-LSC |
| TUSCALOOSA COUNTY SCHOOL SYSTEM, WALTER DAVIE, ALLISON MAYS AND CLIFTON ("CRAIG") HENSON | ) |
| Defendants. | ) |

### INDIVIDUAL DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S ANSWERS TO DEFENDANT TUSCALOOSA COUNTY SCHOOL SYSTEM'S INTERROGATORIES

COME NOW Walter Davie, Allison Mays and Craig Henson, the Individual Defendants ("Defendants"), and respectfully move the Court to strike the Plaintiff's answers to interrogatories filed in opposition to the Defendants' and Tuscaloosa County School System's ("TCSS") motions for summary judgment. As grounds, the Defendants state as follows:

1. In response to the Defendants' statement of facts, the Plaintiff only listed paragraph numbers of the Defendants' statements and did not identify portions of the evidentiary submissions that rebut or contradict the Defendants' statements.

2.      In lieu of the required statement of undisputed facts in her response to the Defendants' motion for summary judgment, the Plaintiff states that she adopts and incorporates by reference her Declaration (Doc. 92-1) and her answers to TCSS's interrogatories (Doc. 92-2.). As the required statement of undisputed facts, the Plaintiff's interrogatory answers fail to meet the requirements of Appendix II to the Court's Uniform Initial Order which set out specific requirements for the manner of stating facts in summary judgment briefs and responsive briefs.

3.      The Plaintiff's interrogatory answers contain inadmissible hearsay.

4.      The Plaintiff's interrogatory answers contain numerous statements that clearly are not based upon her personal knowledge and for which she fails to demonstrate any basis for personal knowledge.

5.      The Plaintiff's interrogatory answers contain numerous statements that are irrelevant to any claim against the Defendants.

6.      The Plaintiff's interrogatory answers contain numerous speculative allegations and conclusory allegations that are unsupported by any evidence or authority.

7.      The Plaintiff's failure to comply with the Court's Scheduling Order and the inclusion of inadmissible evidence that could not be presented in admissible form at trial are unfairly prejudicial to the Defendants and prevent the Defendants from replying fully and adequately to the Plaintiff's opposition to summary judgment.

8. The Defendants adopt and incorporate by reference all arguments, grounds, and authorities stated in TCSS's Motion to Strike the Plaintiff's interrogatory answers (Doc. 97).

9. The Defendants move further to deem the Defendants' statements of facts admitted according to section D.2.a. of Appendix II to the Court's Uniform Initial Order (Doc. 24, pp. 16-17).

WHEREFORE, the Defendants move to strike the Plaintiff's answers to interrogatories and deem the Defendants' statements of facts admitted.

/s/ Clay R. Carr
Mark S. Boardman (ASB-8572-B65M)
Clay R. Carr (ASB-5650-C42C)
BOARDMAN, CARR, PETELOS, WATKINS
   & OGLE, P.C.
400 Boardman Drive
Chelsea, Alabama 35043
Tel:   (205) 678-8000
Fax:   (205) 678-0000

**Attorneys for Defendants Walter W. Davie, Allison Mays and Craig Henson**

## CERTIFICATE OF SERVICE

      I hereby certify that on this **13th** day of **November, 2020**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Barry V. Frederick, Esq. | Raymond E. Ward, Esq. |
| THE FREDERICK FIRM | Thomas W. Powe, Jr., Esq. |
| 5409 Trace Ridge Lane | RAYMOND E. WARD, LLC |
| Birmingham, Alabama 35244 | 2216 14th Street |
| | Tuscaloosa, Alabama 35401 |

                                              */s/ Clay R. Carr*
                                              OF COUNSEL