FILED
2021 Jan-12  PM 12:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **SHANNON HAMNER,** | |
| **Plaintiff,** | |
| **v.** | **CASE NO. 2:18-cv-01838-LSC** |
| **TUSCALOOSA COUNTY SCHOOL SYSTEM, WALTER DAVIE, ALLISON MAYS AND CLIFTON ("CRAIG") HENSON,** | **OPPOSED** <br><br> **ORAL ARGUMENT REQUESTED** |
| **Defendants.** | |

### PLAINTIFF'S RENEWED MOTION TO EXCEED THE PAGE LIMITATION FOR THE RE-FORMATTED BRIEFS PLAINTIFF FILED IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT.

Plaintiff renews her motion to exceed the page limitation for the re-formatted briefs Plaintiff filed in opposition to defendants' motions for summary judgment that Plaintiff filed that were otherwise in the format required by Appendix II of the Uniform Initial Order and per this Court's Order (Doc. 104) and moves the Court to for Plaintiff to exceed the page limitation for said Re-Formatted briefs in opposition to Defendants' motions for summary judgment.  In support of this motion Plaintiff states:

1.      Plaintiff's original motion to exceed the page limitation was denied for not stating whether Defendants opposed or did not oppose the motion.  (Doc. 113). That is remedied herein.

2.      Two days ago, the undersigned Plaintiff's counsel personally e-mailed all counsel of record for all Defendants asking whether they opposed or did not oppose the excess pages Plaintiff requests.  Defendant TCSS' response was not a reply e-mail but was received in the form of TCSS filing a motion to strike Plaintiff's re-formatted briefs in part on the ground they exceed the page limitation, which is in effect TCSS' opposition to the excess pages Plaintiff requests. Curiously, that opposition reflects a reversal of TCSS' previous position on excess pages.  TCSS previously seemed to suggest it would have been appropriate for Plaintiff to file a motion to exceed the page limitation.  (Doc. 98 p. 4 & n.3).  Since then, and now that TCSS has seen Plaintiff's facts supported by citation to specific record evidence (including direct evidence of retaliation) that warrants denial of summary judgment, TCSS reversed its previous position and now opposes allowing Plaintiff to exceed the page limitation.

3.      The real reason for TCSS' opposition is simple and obvious, it continuously seeks to suppress evidence despite that under long-settled controlling Eleventh Circuit law (completely ignored by all Defendants) district courts are required consider evidence such as Plaintiff's submitted in opposition to motions for

summary judgment.  The controlling settle law will be set forth in the upcoming responses Plaintiff will file in opposition to Defendants' motions to strike Plaintiff's declaration and her sworn interrogatory answers.

4.     Once this Court has the controlling law before it, Plaintiff submits it will be inescapably obvious Defendants' motions to strike are not well taken. Indeed, as to one of their objections to some of Plaintiff's most significant evidence refuting one of TCSS' arguments, Defendants' objection (based on Alabama's dead man's statute) is far beyond frivolous and vexatious (to the point it has been **unanimously** rejected by every federal court that has considered it in a federal question case).

5.     As to that, Plaintiff's point here is to the extent Defendant TCSS contends, as TCSS has, that the additional pages in the re-formatted briefs should not be allowed because they are full of facts supported by evidence that is not admissible and cannot be considered in opposition to motions for summary judgment, Defendant TCSS is simply flat-out wrong about that under controlling Eleventh Circuit law.  For example, regarding TCSS' repeatedly asserted "hearsay" objection to much of Plaintiff's evidence, the Eleventh Circuit has repeatedly and unequivocally rejected that objection and held:

> a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be "reduced to admissible evidence at trial" or "reduced to admissible form."

Macuba v. Deboer, 193 F.3d 1316, 1323 (11th Cir. 1999) (citing/quoting three earlier 11th Circuit decisions to the same effect). This is settled law as to evidence offered in opposition to motions for summary judgment: "Evidence that is otherwise admissible can be submitted in inadmissible form at summary judgment." Washington v. URS Federal Technical Services, Inc., 2020 WL 1508518 *2 (N.D. Ala. March 30, 2020). Defendants completely ignore this well-established and well-known principle, and thereby shirk their duty to the Court to be candid about this Circuit's controlling case law. To the very limited extent some of Defendants' objections to Plaintiffs evidence might hold water if we were at trial, we are not at trial and their simplified objections are not valid at this summary judgment stage because Plaintiff's evidence, if it is otherwise inadmissible now, can be submitted in another and admissible form at trial, At a minimum, that makes Plaintiff's evidence properly considered at this summary judgment stage and properly supporting her statement of relevant and material undisputed and disputed facts. Hence, the form of Plaintiff's evidence is not a valid ground for denying Plaintiff excess pages to set forth her statements of disputed and undisputed facts.

6.      These evidentiary issues are more appropriately addressed, and will be addressed more thoroughly, in the opposition Plaintiff will file in response to Defendants' less-than-candid motions to strike Plaintiff's evidence.

7.     Like TCSS, the individual Defendants also did not send a reply e-mail in response to Plaintiff's counsel e-mail inquiring whether they oppose or do not oppose the requested excess pages, but their response/opposition was received in the form of the individual Defendants filing a motion to strike Plaintiff's re-formatted briefs in part on the ground they exceed the page limitation (Doc. 119 ¶ 8) which is in effect their opposition to the excess pages Plaintiff requests.

8.     The re-formatted briefs Plaintiff filed in opposition to Defendants' motions for summary judgment did not contain new argument but:

a.     addressed Defendants' purported undisputed facts individually – numbered paragraph by numbered paragraph, by disputing and denying most of them (with citation to the specific record evidence of Plaintiff's sworn declaration in which Plaintiff disputed and denied them);

b.     set forth Plaintiff's Statement of Undisputed Facts, and Plaintiff's Disputed Facts (with citations to specific supporting record evidence in Plaintiff's sworn declaration and answers to interrogatories).

In so complying in such extensive detail as required by Appendix II to the Uniform Initial Order, the re-formatted briefs exceeded the Appendix' 30-page limitation on briefs submitted in opposition to motions for summary judgment.

9.     Hence, Plaintiff moves to exceed that page limitation to the extent the number of pages of Plaintiff's reformatted briefs exceed that limitation (which is 30

pages and 37 pages, respectively, as to Plaintiff's re-formatted briefs in opposition to TCSS' and the individual Defendants' motions for summary judgment.

10.    As additional good cause for this requested relief from the 30-page limitation, Plaintiff states and shows in the briefs Plaintiff originally filed in opposition to Defendants' motions for summary judgment, Plaintiff pointed out it was not possible to state all pertinent facts in statements of undisputed and disputed facts in briefs without exceeding the 30-page limitation (Doc 94 at p.3 of 33 n.2.; Doc. 95 at p.5 of 23 n.2).

11.    A **lot** happened to Plaintiff, and Defendants were the perpetrators of all of it; and there are a **lot** of facts in the record evidence of Plaintiff's evidentiary submissions that supports her claims and justifies denial of summary judgments.

12.    Plaintiff's evidentiary submission includes Plaintiff's initial 98-page declaration (including exhibits) (Doc. 92-1) and 229-pages of sworn answers to TCSS' interrogatories (Doc. 92-2).

13.    That totals 327 pages of sworn evidence.  The impossibility of and Plaintiff's inability to squeeze 327 pages of relevant and material record evidence in a statement of undisputed and disputed facts in a brief limited to 30-pages is obvious. This is inarguably established by the Declaration of Plaintiff's counsel Barry Frederick, attached hereto as Exhibit A.

14.     Impossibility and/or the inability to comply with the page limitation constitutes good cause for not having to comply with it.  *See generally* Chairs v. Burgess*, 143 F.3d 1432, 1436-37 (11th Cir.1998) (inability to comply with a court order excuses non-compliance even without rising to the level of the impossibility of complying). The evidence of the impossibility and inability to comply with the 30-page limitation on opposing briefs here is simple and inarguable – neither a 98-page declaration, nor 229 pages of sworn interrogatory answers, both full of relevant and material facts, will fit in a statement of undisputed and disputed facts in a 30-page brief, no matter how succinctly squeezed the facts are set forth.

15.     Good cause to exceed the page limitation also exists because it would unduly prejudice Plaintiff if she is not allowed to set forth relevant and material undisputed and disputed facts in her briefs that support her claims and justify denial of Defendants' motions for summary judgment.

16.     Plaintiff respectfully submits allowing Plaintiff to exceed the page limitation so she can state all relevant and material facts that support her claims along with disputed facts that justify denial of Defendants' motions is far more important to the furtherance of justice than adherence to a page limitation too short to permit setting forth such relevant and material evidence.  It does not further justice to do what Defendants attempt to do – they would have this Court to suppress Plaintiff's facts and evidence.

17.    Plaintiff's further respectfully submits that justice calls for this case (and Defendants' motions for summary judgments) be decided based on the facts supported by the evidence instead of based on a page limitation too small to allow Plaintiff to set forth the many facts that support her claims and warrant denial of summary judgment.

18.    Wherefore, Plaintiff moves the Court to allow Plaintiff to exceed the 30-page limitation to the extent it is exceeded in her 60-page and 67-page re-formatted briefs filed in opposition to, respectively, TCSS and the individual Defendants' motions for summary judgment.

Respectfully submitted this 12th day of January 2021.

s/ *Barry V. Frederick*

Barry V. Frederick (ASB-1979-C65B)
Attorney for Plaintiff Shannon Hamner

OF COUNSEL:

THE FREDERICK FIRM
5409 Trace Ridge Lane
Birmingham, Alabama 35244
(205) 739-0043 phone
(205) 739-0044 fax
Barry@frederickfirm.net

## **CERTIFICATE OF SERVICE**

I hereby certify the foregoing has been electronically filed with the Court's ECF filing system, which will electronically serve all counsel of record on this 12th of January 2021.

s/*Barry V. Frederick*

Of Counsel